O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES – GENERAL</u>

Case No. SA CV 13-00421-DOC (RNBx)                          Date:  June 21, 2013

Title: <u>STEVEN W. EGBERT V. SOUTHWEST COLLECTION SERVICES, INC., ET AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>    Julie Barrera    </u>              <u>      N/A      </u>
Courtroom Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                             None Present

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

 Before the Court is Defendant Collection Consultants of California's ("CCC Defendant's") Motion to Dismiss (Dkt. 4). After reviewing the motion, opposition, and reply, the Court herby GRANTS the motion and DISMISSES Plaintiff's claims against CCC Defendant.[1]

**I.     Background**

The facts alleged by Steven Egbert ("Plaintiff") are as follows:

Southwest Collection Service, Inc., Medic Credit Corp., ARS National Services, Inc., Enhanced Recovery Co., LLC, Client Services, Inc., and CCC Defendant are third party debt collectors. Compl. (Dkt. 1) ¶ 1. In May 2011, an unspecified defendant initiated a soft pull of Plaintiff's credit report from Experian without permissible purpose. *Id*. ¶ 6. Plaintiff denies ever entering into any contractual agreement with the defendants for credit, loans or services. *Id*. ¶ 2.

Plaintiff filed the instant action with this Court on March 12, 2013, for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). CCC Defendant filed a Motion to Dismiss on May 13, 2013.

**II.    Legal Standard**

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00421-DOC (RNBx)            Date: June 21, 2013
                                                                     Page 2

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial

Case 8:13-cv-00421-DOC-RNB   Document 27   Filed 06/21/13   Page 3 of 6   Page ID #:98

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00421-DOC (RNBx)     Date: June 21, 2013
                                        Page 3

notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *See Hughes*, 449 U.S. at 9.

### III. Discussion

CCC Defendant moves to dismiss Plaintiff's Complaint against it on the grounds that it does not state a plausible claim for violation of the FCRA. The Court agrees.

#### a. § 1681b(f) claims

To prove a violation of FCRA Section 1681b(f), Plaintiff "'must show that credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense.'" *Perretta v. Capital Acquisitions & Management Co.*, No. C-02-05561 RMW, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Professional Claims Bureau, Inc.*, 64 F.Supp.2d 115, 117 (E.D.N.Y. 1999)); *see also* 15 U.S.C. § 1681b(f) (2013). Section 1681b sets forth the permissible purposes for obtaining credit information. A complaint that merely states in a conclusory fashion that defendants have no interest in a plaintiff's debt will be dismissed for failure to plausibly allege a violation of the FCRA. *See Pyle v. First Nat'l Collection Bureau*, 1:12-CV-00288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012).

In *Pyle*, a consumer brought a claim for violation of the FCRA against a debt collector, alleging that plaintiff "'never at any time had any business dealing or accounts with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00421-DOC (RNBx)　　　　　　　　　　　　Date: June 21, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

---

Defendant'" *Id*. The court, however, stated that whether or not the plaintiff ever had any business dealings with the defendant was irrelevant. *Id*. The question was whether or not defendant was a debt collector who obtained plaintiff's credit report in the course of seeking to collect a debt that plaintiff owed. *Id*.; *see also* 15 U.S.C. § 1681b(a)(3)(A) (2013). Because plaintiff did little more than plead a conclusory allegation that defendant had no interest in plaintiff's debt, "without establishing that defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity," the claim was dismissed. *Pyle*, 2012 WL 1413970, at *3; *see also Chavez v. Premier Bankcard, LLC*, 1:11-CV-01101 LJO, 2011 WL 5417107, at *3 (E.D. Cal. Nov. 8, 2011).

　　　　In this case, Plaintiff's Complaint suffers from even more serious shortcomings. As in *Pyle*, Plaintiff makes conclusory allegations that he has no legal relationship with CCC Defendant, and that it has no legal interest in his debt. He does not allege that no such debt exists, or that Defendant is not a debt collector. More serious than in *Pyle*, though, Plaintiff here fails to even identify which of the six defendants allegedly initiated the soft pull of Plaintiff's credit report or why the other five defendants are relevant. Compl. ¶ 6 ("On May 2011, Defendant initiated a soft pull of Plaintiff's credit report from Experian without permissible purpose."). Furthermore, Plaintiff fails to sufficiently identify the real harm that he suffered. *Id*. ¶¶ 3, 19 (alleging that the defendants "violated the civil rights of the Plaintiff" and requesting $48,000 in compensatory damages and $150,000 in punitive damages). Accordingly, Plaintiff's pleadings are insufficient and the Court DISMISSES WITHOUT PREJUDICE his Section 1681b(f) claims as to CCC Defendant.

　　　　**b. § 1681q claim**

　　　　To prove a violation of 15 U.S.C. § 1681q (1997), Plaintiff must show that CCC Defendant "knowingly or willfully [obtained] information on a consumer from a consumer reporting agency under false pretenses." "The standard for determining when a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in 15 U.S.C. § 1681b." *Perretta*, 2003 WL 21383757, at *5 (quoting *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978)). This is because a consumer reporting agency can only issue a report for the purposes listed in Section 1681b. *Hansen*, 582 F.2d at 1219. Therefore, if a user seeks consumer information for an impermissible purpose, it must do so under false pretenses. *Id*.

　　　　In *Hasbun v. County of Los Angeles*, the court held that a child support agency had a permissible purpose in obtaining credit information to collect a court-ordered child support debt. 323 F.3d 801, 802 (9th Cir. 2003). A party is permitted to obtain an individual's credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00421-DOC (RNBx)            Date: June 21, 2013
Page 5

information in connection with the collection of a debt. *See id.*; *see also* 15 U.S.C. § 1681b(a)(3)(A) (2013).

Plaintiff alleges that CCC Defendant violated Section 1681q. However, Plaintiff merely parrots the statutory language without articulating a single fact showing that CCC Defendant had an impermissible purpose, acted under false pretenses, or was even the unnamed "Defendant" who pulled the credit report. *See* Compl. Plaintiff's Section 1681q claim fails under *Hasbun* and, therefore, it is DISMISSED WITHOUT PREJUDICE as to CCC Defendant.

### c. § 1681s-2(a) claim

Plaintiff alleges that CCC Defendant "negligently violated 15 U.S.C. § 1681s-2 by knowingly and willfully providing inaccurate information on a consumer credit report." Compl. ¶ 17. Though Plaintiff does not expressly articulate the subsection of Section 1681s-2 on which he bases his claim, Plaintiff's allegation that the defendants "provid[ded] inaccurate information on a consumer credit report" clearly references Section 1681s-2(a). In contrast, Section 1681s-2(b) concerns the duties of furnishers of information to consumer reporting agencies after receiving official notice of a dispute as to the completeness or accuracy of reported information. That is not at issue here and is not implicated by the Complaint. Therefore, the Court construes Plaintiff's claim to pertain only to Section 1681s-2(a).

15 U.S.C. § 1681s-2(a) establishes that "a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." In Sections 1681n and 1681o, the FCRA creates a private right of action for willful or negligent violation of its requirements. However, Section 1681s-2 expressly limits private rights of action to those arising under 1681s-2(b). 15 U.S.C. § 1681s-2(c) ("[S]ections 1681n and 1681o of this title do not apply to any violation of subsection (a) of this section, including any regulations issued thereunder."). Violations of 1681s-2(a), as alleged here, are enforceable only by federal agencies and officials. 15 U.S.C. § 1681s-2(d). Private plaintiffs cannot bring an action against furnishers of credit information under Section 1681s-2(a). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Plaintiff brings a claim against CCC Defendant under Section 1681s-2(a). There is no private right of action under this subsection. Therefore, Plaintiff's Section 1681s-2(a) claim is DISMISSED WITH PREJUDICE as to CCC Defendant.[2]

---

[2] Because the Court finds for CCC Defendant on this ground, the Court does not rule on the sufficiency of Plaintiff's pleading of the Section 1681s-2 claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00421-DOC (RNBx)   Date: June 21, 2013
   Page 6

### IV. Disposition

For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's Section 1681b(f) and 1681q claims against Defendant Collection Consultants of California. The Court DISMISSES WITH PREJUDICE Plaintiff's Section 1681s-2(a) claim against Defendant Collection Consultants of California.

If Plaintiff wishes to amend his Complaint to include FCRA claims, he must allege facts plausibly showing that CCC Defendant did not have an interest in his debt, by alleging, for example, that CCC Defendant is not a debt collector or that he does not owe any debt that CCC Defendant was seeking to collect. *See Pyle v. First Nat'l Collection Bureau*, 1:12-CV-00288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012). Furthermore, Plaintiff must allege facts identifying which specific defendant acted unlawfully. *See, e.g.*, *Roberts v. UBS AG*, No. CV F 12-0724 LJO SKO, 2013 WL 394701, at *6 (E.D. Cal. Jan. 30, 2013) ("A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.") (citation omitted); *Cherrone v. Florsheim Development*, No. CIV.2:12-02069 WBS CKD, 2012 WL 6049021, at *4 (E.D. Cal. Dec. 5, 2012) ("Yet plaintiffs fail to identify which defendant made the allegedly false statements…Plaintiffs' allegations are not specific enough to allow defendants to prepare an adequate defense. The FAC is also 'shot through with general allegations that 'defendants' engaged in fraudulent conduct, but fails to attribute specific misconduct to any particular defendant.") (citation omitted). Finally, Plaintiff should indicate what, if any, harm he suffered. *See* 15 U.S.C. §§ 1681n-o. If Plaintiff is unable to fix these defects in an amended complaint, the Court will be inclined to dismiss the claims with prejudice.

Plaintiff may file an Amended Complaint, if at all, on or before July 15, 2013.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                       Initials of Deputy Clerk: jcb