JONATHAN B. TEPERSON
ATTORNEY AT LAW
CBN: 156470
1801 CALIFORNIA AVENUE
CORONA, CALIFORNIA 92881
TELEPHONE:          (951) 898-4400

ATTORNEY FOR DEFENDANT MEDICREDIT, INC., ERRONEOUSLY SUED AS MEDIC CREDIT CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. EGBERT,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>SOUTHWEST COLLECTION SERVICE, INC.; MEDIC CREDIT CORP.; ARS NATIONAL SERVICES COLLECTION CONSULTANTS; ENHANCED RECOVERY CO., LLC; CLIENT SERVICES, INC.,<br><br>　　　　　　　Defendants. | Case No.: SACV13-00421 DOC (RNBx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT MEDICREDIT, INC.'S, FRCP § 12 (B)(6).<br><br>DATE: SEPTEMBER 16, 2013<br>TIME: 8:30 A.M.<br>COURTROOM: 9D |

　　　　NOTICE IS HEREBY GIVEN, that pursuant to Federal Rule of Civil Procedure, Rule 12 (b)(6), Defendant, MEDICREDIT, INC., erroneously sued herein as Medic Credit Corp., does hereby move this Court for an order dismissing this case as the complaint in this action fails to state a cause of action against Medicredit, Inc.

　　　　The Motion will be heard on September 16, 2013 at 8:30 a.m. in Courtroom 9D of this Court located at 411 West Fourth Street, Santa Ana, California.

Said Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, attached Declaration of Jonathan B. Teperson attesting to Local Rule 7-3 attempt to meet and confer, and upon such other oral or documentary evidence as may be presented at the time of the hearing.

Dated: 8/9/2013

By: _____
JONATHAN B. TEPERSON, ESQ.
Attorney for Defendant MEDICREDIT, INC.

1  JONATHAN B. TEPERSON
   ATTORNEY AT LAW
2  CBN: 156470
   1801 CALIFORNIA AVENUE
3  CORONA, CALIFORNIA 92881
   TELEPHONE:        (951) 898-4400
4
   ATTORNEY FOR DEFENDANT MEDICREDIT, INC., ERRONEOUSLY SUED AS MEDIC
5  CREDIT CORP.

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10 | STEVEN W. EGBERT,                      | Case No.: SACV13-00421 DOC (RNBx)
11 |                                        |
   |                  Plaintiff,            |
12 |         vs.                            |
   |                                        | MEMORANDUM OF POINTS AND
13 | SOUTHWEST COLLECTION SERVICE,          | AUTHORITIES IN SUPPORT OF MOTION
   | INC.; MEDIC CREDIT CORP.; ARS          | TO DISMISS BY DEFENDANT
14 | NATIONAL SERVICES COLLECTION           | MEDICREDIT, INC.'S, FRCP § 12 (B)(6).
   | CONSULTANTS; ENHANCED RECOVERY         |
15 | CO., LLC; CLIENT SERVICES, INC.,       | DATE: SEPTEMBER 16, 2013
   |                                        | TIME:  8:30 A.M.
16 |                  Defendants.           | COURTROOM: 9D

17

18      ***Federal Rule of Civil Procedure, Rule 12(b)(6)*** provides that the Court may dismiss a

19 claim when it fails to state a cause of action. In this case, the claim for liability against

20 Medicredit, Inc. is based upon the sole allegation that the Plaintiff did not have a contractual

21 agreement with Medicredit, Inc. Plaintiff further alleges that Medicredit, Inc. is a debt collector

22 governed by the ***Fair Debt Collection Practices Act, 15 U.S.C. 1601, et seq***. The FDCPA by its

23 very nature governs the conduct of persons that are assignees for the collection of consumer

24 debts. Accordingly, it is not a necessary component for purposes of the Federal Fair Credit

25 Reporting Act, ***15 U.S.C. 1681, et seq.*** that a direct contractual relationship exist between a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS BY MEDICREDIT, INC.
CASE NO.: SACV13-00421 DOC (RNBx)

1

consumer and the furnisher of information under FCRA. Plaintiff alleges that Medicredit, Inc. is a furnisher of credit information, Paragraph 4 of the Complaint.

Plaintiff alleges that on May 2011 an unspecified Defendant initiated a pull of Plaintiff's credit report from Experian without a permissible purpose. Plaintiff has without sufficient nexus sued six (6) different entities. Which Defendant Plaintiff is referring to is unknown. Irrespective, the allegations are insufficient even if the Plaintiff is conceivably referring to Medicredit, Inc.

In **_Bell Atl. Corp. v. Twonbly_ (2007) 550 U.S. 544** and **_Ashcroft v. Iqbal_ (2009) 129 S. Ct. 1937**, the US Supreme Court held that a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation". In **_Moss v. U.S. Secret Service_ 9th Circuit (2009) 572 F. 3d 962, 969**, the 9th Circuit stated that "in sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from the content, must be plausibly suggestive of a claim entitling the Plaintiff to relief".

The basics to state a cause of action must be supported by sufficient factual content, **_Robertson v. Dean Witter Reynolds, Inc._ (9th Circuit) (1984) 749 F. 2d 530, 534**. As stated above, Plaintiff does not specify what Defendant obtained his credit report, and if so, what the debt pertained to. It is without debate that a party is privileged to obtain a credit report of a person to use in the collection of a debt, *15 U.S.C. 1681b (a)(3)(A)*. The Plaintiff's allegations are that Medicredit, Inc. is a debt collector and furnisher of credit information to Credit Reporting Agencies. The Plaintiff alleges that Medicredit, Inc. obtained information from a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS BY MEDICREDIT, INC.
CASE NO.: SACV13-00421 DOC (RNBx)

2

consumer reporting agency under false pretenses, but he fails to articulate a single fact that would make such an act fallacious. In fact, the reasonable conclusion from the allegations of the complaint are that Medicredit, Inc. was a debt collector attempting to collect a debt from Plaintiff. If so, Medicredit, Inc. was perfectly within its legal rights to obtain Plaintiff's credit report. It is unclear if Plaintiff is alleging that the debt that has been assigned to Medicredit, Inc. is disputed or alleged not to be owing, but irrespective, actual adjudication that the debt is in fact owing is not the standard by which a debt collector can obtain a debtor's credit report. If Congress intended that such a debt had to be adjudicated before a party could obtain a debtor's credit report it would have specified such limitation. The language of the statute that a report can be obtained for purposes of the collection of an account is implicit of an expansive application. Collection activity on an account occurs chiefly before a debt reaches final resolution.

Based upon the foregoing, it is hereby submitted that Plaintiff's Complaint fails to state a cause of action and should be dismissed.

Dated: 8/9/2013

By: _____
JONATHAN B. TEPERSON, ESQ.
Attorney for Defendant MEDICREDIT, INC.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS BY MEDICREDIT, INC.
CASE NO.: SACV13-00421 DOC (RNBx)

3

JONATHAN B. TEPERSON
ATTORNEY AT LAW
CBN: 156470
1801 CALIFORNIA AVENUE
CORONA, CALIFORNIA 92881
TELEPHONE:        (951) 898-4400

ATTORNEY FOR DEFENDANT MEDICREDIT, INC., ERRONEOUSLY SUED AS MEDIC CREDIT CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEVEN W. EGBERT, | Case No.: SACV13-00421 DOC (RNBx) |
|---|---|
| Plaintiff, | |
| vs. | DECLARATION OF JONATHAN B. TEPERSON IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT MEDICREDIT, INC.'S, FRCP § 12 (B)(6). |
| SOUTHWEST COLLECTION SERVICE, INC.; MEDIC CREDIT CORP.; ARS NATIONAL SERVICES COLLECTION CONSULTANTS; ENHANCED RECOVERY CO., LLC; CLIENT SERVICES, INC., | |
| | DATE: SEPTEMBER 16, 2013 |
| | TIME: 8:30 A.M. |
| | COURTROOM: 9D |
| Defendants. | |

I, JONATHAN B. TEPERSON, declare and state as follows:

1. I am the attorney of record for Defendant Medicredit, Inc., erroneously sued Medic Credit Corp. and I am licensed in the State of California to practice law.

2. The following facts are within my personal knowledge.

3. I made an attempt to comply with Rule 7-3 of this Court prior to filing this Motion to Dismiss.

DECLARATION OF JONATHAN B. TEPERSON IN SUPPORT OF
MOTION TO DISMISS BY MEDICREDIT, INC.
CASE NO.: SACV13-00421 DOC (RNBx)

1

4. On June 25, 2013, I sent Mr. Egbert a letter setting forth the deficiencies of his Complaint and requesting that he meet and confer. Attached hereto as Exhibit 1 is a true and correct copy of that letter.

5. I received no reply from Mr. Egbert to my letter.

6. As such, I had no other option but to proceed with this Motion.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this ___9___ day of August 2013 at Corona, California.

By: _____
JONATHAN B. TEPERSON, ESQ.
Attorney for Defendant MEDICREDIT, INC.

DECLARATION OF JONATHAN B. TEPERSON IN SUPPORT OF
MOTION TO DISMISS BY MEDICREDIT, INC.
CASE NO.: SACV13-00421 DOC (RNBx)

2

Exhibit "1"

# JONATHAN B. TEPERSON
## ATTORNEY AT LAW

1801 CALIFORNIA AVENUE
CORONA, CALIFORNIA 92881
Phone: (951) 898-4400    Fax: (855) 816-3966

June 25, 2013

Steven W. Egbert
1216 Vista Contora
San Clemente, CA 92672

Re:    *Steven W. Egbert v. Southwest Collection Services, Inc., et al.*
       *USDC Case No.: SA CV 13-00421-DOC (RNBx)*

Dear Mr. Egbert:

Please be advised that this office represents Defendant Medicredit, Inc., erroneously sued as Medic Credit Corp. in the above-captioned lawsuit. As you may know, Medicredit has filed an answer in this action, and further plans to file a similar Motion to Dismiss, which was previously filed by Defendant Collection Consultants of California and successfully granted. All of the issues raised in that motion, which was granted, also apply to my client. Both are collection agencies and data furnishers.

Prior to our filing Medicredit's Motion to Dismiss, I am requesting that you either immediately dismiss Medicredit, Inc. out of this action based upon the recent ruling of the Court as to co-defendant Collection Consultants of California, or in the alternative, amend your complaint as it relates to Medicredit, Inc. buy the deadline to amend imposed by the court for co-defendant.

Upon receipt of this letter, please advise me as to your intentions relative to Medicredit, Inc.

Very truly yours,

Jonathan B. Teperson, Esq.

JBT/gc

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

RE:   Steve W. Egbert v. Southwest Collection Service, Inc., et al.
      Case No.: SACV13-00421 DOC-(RNBx)

I am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1801 California Avenue, Corona, California, 92881.

On August 9, 2013, I served the foregoing NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT MEDICREDIT,INC.'S, FRCP 12 (B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT MEDICREDIT, INC.'S FRCP 12 (B)(6); DECLARATION OF JONATHAN B. TEPERSON IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT MEDICREDIT, INC.'S, FRCP 12 (B)(6) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

__X__ BY MAIL.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Corona, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ BY PERSONAL SERVICE.  I caused a true and correct copy of said documents to be delivered personally to the office of the party listed above.

____ BY FAX.  I caused a true and correct copy of said document to be transmitted from facsimile number (951) 898-4397 to the facsimile machine of the interested party(ies) on the date specified above.  The facsimile machine I used was in compliance with Rule 2003(e) and the transmission was reported as complete and without error.  Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

____ BY OVERNIGHT COURIER:  I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up.  Hand delivery was guaranteed by the next business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2013 at Corona, California.

_____
Dawn Tavarez, Declarant

## SERVICE LIST

## Steve W. Egbert v. Southwest Collection Service, Inc., et al.

| | |
|---|---|
| Steven W. Egbert<br>1216 Vista Cantora<br>San Clemente, CA 92672 | In Pro Se |
| Keith Alexander Yeomans, Esq.<br>Carlson and Messer, LLP<br>5959 West Century Blvd., Ste. 1214<br>Los Angeles, CA 90045 | Attorney for ARS National Services |
| Stephen H. Turner, Esq.<br>Lewis, Brisbois, Bisgaard & Smith, LLP<br>221 North Figueroa St., Ste. 1200<br>Los Angeles, CA 90012 | Attorney for Enhanced Recovery Co., LLC |